NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABHIJIT PRASAD, <br><br> Appellant, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security <br><br> Appellee. | No. 25-2727 <br><br> D.C. No. 3:24-cv-04597-LB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted July 31, 2026[**]

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit Judges.

Abhijit Prasad appeals a district court order affirming a decision by an administrative law judge ("ALJ") denying his application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's order affirming a denial of social security benefits, setting aside the denial only when "the ALJ decision is based on legal error or not supported by substantial evidence in the record." *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (citation and internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* at 674–75 (citation omitted).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

1. Substantial evidence supports the ALJ's evaluation of the medical opinions. An ALJ evaluates a medical opinion's persuasiveness based on its "supportability and consistency." 20 C.F.R. § 416.920c(b)(2); *see also Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). The ALJ reasonably found the opinions of Dr. McMillan and Dr. Tang persuasive, grounding that finding in the doctors' examination findings and the consistency of those findings with the

---

[1] Prasad's contention that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), forecloses this standard of review is mistaken. The substantial evidence standard is prescribed by statute, not by deference to agency interpretation. *See* 42 U.S.C. § 405(g).

[2] Prasad argues for the first time in his reply brief that the ALJ was required to consider whether he was disabled for an earlier portion of the alleged disability period. *See Smith v. Kijakazi*, 14 F.4th 1108, 1116 (9th Cir. 2021) (remanding to the agency where the ALJ failed to consider whether claimant was disabled for a qualifying, early portion of the alleged period). Because he did not raise this argument in his opening brief, it is forfeited. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).

record. And the ALJ permissibly declined to credit the opinions of Dr. White and Dr. Newmark. Those opinions did not assess Prasad's functional limitations but rather contained conclusory statements about whether Prasad was able to work, an issue reserved to the Commissioner. *See* 20 C.F.R. § 416.920b(c)(3). Thus, the opinions were "inherently neither valuable nor persuasive."

2. The ALJ gave "clear and convincing reasons," supported by substantial evidence, to discount Prasad's symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 497, 499 (9th Cir. 2022). The ALJ identified a direct conflict between Prasad's testimony that he could not walk two blocks and his report that he walked a mile each day and felt "fresh" afterward. It further relied on Prasad's testimony regarding his daily activities and return to substantial gainful activity. These are permissible bases for discounting testimony of totally disabling limitations. *Id.*

3. The ALJ's finding of severe impairments did not entitle Prasad to an automatic finding of disability. That finding was "a de minimis screening device to dispose of groundless claims," not a disability determination. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (citation omitted); *see* 20 C.F.R. § 416.920(a)(4)(ii)–(iii) (explaining that ALJ will first determine whether the claimant has a severe impairment and then will proceed to determine if the impairment meets the criteria for a disability).

4. The ALJ's reliance on the vocational expert's testimony based on the

3                                                                                          25-2727

ALJ's hypothetical was proper. A hypothetical must include the limitations the record supports, *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014), but it need not include limitations the ALJ has properly rejected, *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ's hypothetical incorporated the limitations supported in the record and permissibly omitted discredited allegations. The expert's testimony that Prasad could perform his past relevant work captured the residual functional capacity supported by the record, and the ALJ reasonably relied on it. To the extent Prasad faults the ALJ for omitting cognitive limitations, nothing in the record assessed such limitations.

**AFFIRMED.**[3]

---

[3] Accordingly, there is no basis to grant Prasad's request for an immediate award of disability benefits. *See Triechler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1100–02 (9th Cir. 2014) (describing circumstances in which remand for immediate award of disability benefits may be permissible).